1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ISABELLE CORONA, an individual

Plaintiff,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION, a New York
Corporation; SANDOZ
PHARMACEUTICALS
CORPORATION, a Delaware
Corporation; and DOES 1 TO 10,
inclusive,

Defendants.

CASE NO. CV11 0156 MMM (PJWx)

**ORDER RE STIPULATED
PROTECTIVE ORDER**

1    Having considered the Parties' Stipulated Protective Order, and **GOOD**

2 **CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED AS**

3 **FOLLOWS**:

4        I.       PURPOSES AND LIMITATIONS

5        Disclosure and discovery activity in this action are likely to involve

6 production of confidential, proprietary, or private information for which special

7 protection from public disclosure and from use for any purpose other than

8 prosecuting this litigation would be warranted. Accordingly, the parties have

9 stipulated to and petitioned the court to enter the following Stipulated Protective

10 Order.  The parties acknowledge that this Order does not confer blanket protections

11 on all disclosures or responses to discovery and that the protection it affords

12 extends only to the limited information or items that are entitled under the

13 applicable legal principles to treatment as confidential.  The parties further

14 acknowledge, as set forth in Section 10, below, that this Stipulated Protective

15 Order creates no entitlement to file confidential information under seal; Civil Local

16 Rule 79-5 sets forth the procedures that must be followed and reflects the standards

17 that will be applied when a party seeks permission from the court to file material

18 under seal.

19        II.      DEFINITIONS

20        2.1     Party:  any party to this action, including all of its officers,

21 directors, employees, consultants, retained experts, and outside counsel (and their

22 support staff).

23        2.2     Disclosure or Discovery Material:  all items or information,

24 regardless of the medium or manner generated, stored, or maintained (including,

25 among other things, testimony, transcripts, or tangible things) that are produced or

26 generated in disclosures or responses to discovery in this matter.

27        2.3     "CONFIDENTIAL" Information or Items:  information

28 (regardless of how generated, stored or maintained) or tangible things that qualify

1

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

1  for protection under standards developed under F.R.Civ.P. 26(c), including but not

2  limited to Defendants' operating policies, procedures, manual, non-public financial

3  information, Defendants' clients' account and tax information, information

4  referring to Defendants' payroll/HR data, proprietary software, and other trade

5  secret information.  In agreeing to the protection of "trade secret" information, the

6  parties hereby incorporate the definition for that term as stated in California Civil

7  Code section 3426.1(d).[1]

8       2.4    Receiving Party:  a Party that receives Disclosure or

9  Discovery Material from a Producing Party.

10       2.5    Producing Party:  a Party or non-party that produces

11  Disclosure or Discovery Material in this action.

12       2.6    Designating Party:  a Party or non-party that designates

13  information or items that it produces in disclosures or in responses to discovery as

14  "CONFIDENTIAL."

15       2.7    Protected Material:  any Disclosure or Discovery Material that

16  is designated as "CONFIDENTIAL."

17       2.8    Outside Counsel:  attorneys who are not employees of a Party

18  but who are retained to represent or advise a Party in this action.

19       2.9    House Counsel:  attorneys who are employees of a Party.

20       2.10    Counsel (without qualifier):  Outside Counsel and House

21  Counsel (as well as their support staffs).

22       2.11    Expert:  a person with specialized knowledge or experience in

23  a matter pertinent to the litigation who has been retained by a Party or its counsel

24

25  [1] California Civil Code section 3426.1(d) provides that "Trade secret" means
information, including a formula, pattern, compilation, program, device, method,
26  technique, or process, that: (1) Derives independent economic value, actual or
potential, from not being generally known to the public or to other persons who
27  can obtain economic value from its disclosure or use; and (2) Is the subject of
efforts that are reasonable under the circumstances to maintain its secrecy.
28

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

1    to serve as an expert witness or as a consultant in this action and who is not a past

2    or a current employee of a Party or of a competitor of a Party's and who, at the

3    time of retention, is not anticipated to become an employee of a Party or a

4    competitor of a Party's.  This definition includes a professional jury or trial

5    consultant retained in connection with this litigation.

6            2.12    Professional Vendors:  persons or entities that provide

7    litigation support services (e.g., photocopying; videotaping; translating; preparing

8    exhibits or demonstrations; organizing, storing, retrieving data in any form or

9    medium; etc.) and their employees and subcontractors.

10        III.    SCOPE

11        The protections conferred by this Stipulation and Order cover not only

12   Protected Material (as defined above), but also any information copied or extracted

13   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

14   testimony, conversations, or presentations by parties or counsel to or in court or in

15   other settings that might reveal Protected Material.

16        IV.    DURATION

17        Even after the termination of this litigation, the confidentiality obligations

18   imposed by this Order shall remain in effect until a Designating Party agrees

19   otherwise in writing or a court order otherwise directs.

20        V.    DESIGNATING PROTECTED MATERIAL

21            5.1    Exercise of Restraint and Care in Designating Material for

22   Protection.  Each Party or non-party that designates information or items for

23   protection under this Order must take care to limit any such designation to specific

24   material that qualifies under the appropriate standards.

25            If it comes to a Party's or a non-party's attention that information or

26   items that it  designated for protection do not qualify for protection at all, that Party

27   or non-party must promptly notify all other parties that it is withdrawing the

28

3

1   mistaken designation.

2        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise

3   provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

4   otherwise stipulated or ordered, material that qualifies for protection under this

5   Order must be clearly so designated before the material is disclosed or produced.

6   Designation in conformity with this Order requires:

7       (a) <u>for information in documentary form</u> (apart from transcripts

8   of depositions or other pretrial or trial proceedings), that the Producing Party affix

9   the legend "CONFIDENTIAL" at the top or bottom of each page that contains

10   protected material.

11       (b) <u>for testimony given in deposition or in other pretrial or trial</u>

12   <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony

13   identify on the record, before the close of the deposition, hearing, or other

14   proceeding, all protected testimony. When it is impractical to identify separately

15   each portion of testimony that is entitled to protection, and when it appears that

16   substantial portions of the testimony may qualify for protection, the Party or non-

17   party that sponsors, offers, or gives the testimony may invoke on the record (before

18   the deposition or proceeding is concluded) a right to have the entire testimony be

19   protected for 20 days.  Immediately following the 20 day period, the Party or non-

20   party must identify the specific protected portions of the testimony.  Only those

21   portions of the testimony that are appropriately designated for protection

22   immediately following the 20 day waiting period shall be covered by the

23   provisions of this Stipulated Protective Order.

24       Transcript pages containing Protected Material must be

25   separately bound by the court reporter, who must affix to the top of each such page

26   the legend "CONFIDENTIAL."

27       (c) <u>for information produced in some form other than</u>

28

4

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

1  documentary, and for any other tangible items, that the Producing Party affix in a

2  prominent place on the exterior of the container or containers in which the

3  information or item is stored the legend "CONFIDENTIAL."  If only portions of

4  the information or item warrant protection, the Producing Party, to the extent

5  practicable, shall identify the protected portions.

6          5.3    Inadvertent Failures to Designate.  If timely corrected, an

7  inadvertent failure to designate qualified information or items as

8  "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right

9  to secure protection under this Order for such material. If material is appropriately

10  designated as "CONFIDENTIAL" after the material was initially produced, the

11  Receiving Party, on timely notification of the designation, must make reasonable

12  efforts to assure that the material is treated in accordance with the provisions of

13  this Order.

14       VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

15          6.1    Timing of Challenges.  Unless a prompt challenge to a

16  Designating Party's confidentiality designation is necessary to avoid foreseeable

17  substantial unfairness, unnecessary economic burdens, or a later significant

18  disruption or delay of the litigation, a Party does not waive its right to challenge a

19  confidentiality designation by electing not to mount a challenge promptly after the

20  original designation is disclosed.

21          6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

22  Designating Party's confidentiality designation must do so in good faith and must

23  begin the process by conferring with counsel for the Designating Party.  In

24  conferring, the challenging Party must explain the basis for its belief that the

25  confidentiality designation was not proper and must give the Designating Party an

26  opportunity to review the designated material, to reconsider the circumstances,

27  and, if no change in designation is offered, to explain the basis for the chosen

28

1  designation.  A challenging Party may proceed to the next stage of the challenge

2  process only if it has engaged in this meet and confer process first.

3              6.3      Judicial Intervention.  A Party that elects to press a challenge to

4  a confidentiality designation after considering the justification offered by the

5  Designating Party may file and serve a motion under Civil Local Rule 7 that

6  identifies the challenged material and sets forth in detail the basis for the challenge.

7  Every motion filed and served under Civil Local Rule 7 must be in compliance

8  with Civil Local Rule 79-5.  Each such motion must be accompanied by a

9  competent declaration that affirms that the movant has complied with the meet and

10  confer requirements imposed in the preceding paragraph and that sets forth with

11  specificity the justification for the confidentiality designation that was given by the

12  Designating Party in the meet and confer dialogue.

13              The burden of persuasion in any such challenge proceeding shall be

14  on the Designating Party.  Until the court rules on the challenge, all parties shall

15  continue to afford the material in question the level of protection to which it is

16  entitled under the Producing Party's designation.

17          VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

18              7.1      Basic Principles.  A Receiving Party may use Protected

19  Material that is disclosed or produced by another Party or by a non-party in

20  connection with this case only for prosecuting, defending, or attempting to settle

21  this litigation. Such Protected Material may be disclosed only to the categories of

22  persons and under the conditions described in this Order. When the litigation has

23  been terminated, a Receiving Party must comply with the provisions of section 11,

24  below (FINAL DISPOSITION).

25              Protected Material must be stored and maintained by a Receiving

26  Party at a location and in a secure manner that ensures that access is limited to the

27  persons authorized under this Order.

28

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

1        7.2    Disclosure of "CONFIDENTIAL" Information or Items.

2   Unless otherwise ordered by the court or permitted in writing by the Designating

3   Party, a Receiving Party may disclose any information or item designated

4   CONFIDENTIAL only to:

5            (a) the Receiving Party's Outside Counsel of record in this

6   action, as well as employees of said Counsel to whom it is reasonably necessary to

7   disclose the information for this litigation;

8            (b) the officers, directors, and employees (including House

9   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

10  this litigation;

11           (c) experts (as defined in this Order) of the Receiving Party to

12  whom disclosure is reasonably necessary for this litigation;  and who have signed

13  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14           (d) the Court and its personnel;

15           (e) court reporters, their staffs, and professional vendors to

16  whom disclosure is reasonably necessary for this litigation and who have signed

17  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18           (f) during their depositions, third-party witnesses in the action

19  to whom disclosure is reasonably necessary and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed

21  deposition testimony or exhibits to depositions that reveal Protected Material must

22  be separately bound by the court reporter and may not be disclosed to anyone

23  except as permitted under this Stipulated Protective Order.

24           (g) the author of the document or the original source of the

25  information.

26

27

28

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or

8

1    persons to whom unauthorized disclosures were made of all the terms of this

2    Order, and (d) request such person or persons to execute the "Acknowledgment

3    and Agreement to Be Bound" that is attached hereto as Exhibit A.

4          X.     FILING PROTECTED MATERIAL  Without written permission

5    from the Designating Party or a court order secured after appropriate notice to all

6    interested persons, a Party may not file in the public record in this action any

7    Protected Material.  A Party that seeks to file under seal any Protected Material

8    must comply with Civil Local Rule 79-5 regarding such filings.

9          XI.    FINAL DISPOSITION  Unless otherwise ordered or agreed in writing

10   by the Producing Party, within sixty days after the final termination of this action,

11   each Receiving Party must return all Protected Material to the Producing Party.  As

12   used in this subdivision, "all Protected Material" includes all copies, abstracts,

13   compilations, summaries or any other form of reproducing or capturing any of the

14   Protected Material.  With permission in writing from the Designating Party, the

15   Receiving Party may destroy some or all of the Protected Material instead of

16   returning it. Whether the Protected Material is returned or destroyed, the Receiving

17   Party must submit a written certification to the Producing Party (and, if not the

18   same person or entity, to the Designating Party) by the sixty day deadline that

19   identifies (by category, where appropriate) all the Protected Material that was

20   returned or destroyed and that affirms that the Receiving Party has not retained any

21   copies, abstracts, compilations, summaries or other forms of reproducing or

22   capturing any of the Protected Material. Notwithstanding this provision, Counsel

23   are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

24   legal memoranda, correspondence or attorney work product, even if such materials

25   contain Protected Material. Any such archival copies that contain or constitute

26   Protected Material remain subject to this Protective Order as set forth in Section 4

27   (DURATION), above.

28

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

1   XII.   MISCELLANEOUS

2          12.1   Right to Further Relief.  Nothing in this Order abridges the

3   right of any person to seek its modification by the Court in the future.

4          12.2   Right to Assert Other Objections.  By stipulating to the entry of

5   this Protective Order no Party waives any right it otherwise would have to object to

6   disclosing or producing any information or item on any ground not addressed in

7   this Stipulated Protective Order. Similarly, no Party waives any right to object on

8   any ground to use in evidence any of the material covered by this Protective Order.

9

10  **IT IS SO ORDERED.**

11  Dated:  March 14, 2012      _____

12                              Honorable Patrick J. Walsh
                                United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

13997222v.1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ in the case of *Isabelle Corona v. Novartis Pharmaceuticals*

*Corporation, et al.*, Case No. CV11 0156 MMM (PJWx).  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature:_____

[signature]

11

[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )      ss
COUNTY OF LOS ANGELES    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On March 15, 2012, I served the within documents:

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☒    electronically by using the Court's ECF/CM System.

Allan E. Perry, Esq.
LAW OFFICES OF ALLAN E. PERRY
242 S. Orange Avenue, Suite 205
Brea, California 92821
Tel: (714) 529-7000
Fax (714) 529-7002

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 15, 2012, at Los Angeles, California.

/s/ Colleen Reid-Rose
Colleen Reid-Rose

12
[PROPOSED] ORDER RE *STIPULATED PROTECTIVE ORDER*

13481527v.1